

FILED
AUG - 2 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARVIN LEON GRIMM, JR.,**

    Petitioner,

v.                                                            Civil Action No. **3:10CV593**

**GENE JOHNSON,**

    Respondent.

## MEMORANDUM OPINION

Marvin Leon Grimm, Jr., a Virginia state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Grimm contends that he is being unlawfully detained because Virginia's parole statutes are constitutionally flawed. Respondent has moved to dismiss. Grimm has responded. The matter is ripe for disposition.

### I. Procedural History

In 1976, in the Circuit Court for the City of Richmond, Grimm was convicted of first degree homicide, abduction, and forcible sodomy. (Mem. Supp. Resp't's Mot. Dismiss ("Mot. Dismiss") Ex. B ("McCollum Aff.") Encl. A.) The Circuit Court sentenced Grimm to a life term of imprisonment. (*Id.*)

Grimm became eligible for parole in 1989. (McCollum Aff. ¶ 6.) Since 1989, the Virginia Parole Board ("the Board") has regularly reviewed Grimm for release on parole. (*Id.*) Every year, the Board has concluded that Grimm was not suitable for release on parole because of the serious nature and circumstances of his offense. (*Id.* Encls. C, D.)

On January 13, 2010, Grimm filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In that petition, Grimm asserted he was being unlawfully detained because

Virginia's parole statutes are constitutionally flawed. On March 31, 2010, the Supreme Court of Virginia denied Grimm's petition on the ground "that habeas corpus does not lie in this matter." *Grimm v. Dir., Dep't Corr.*, No. 100087, at 1 (Va. Mar. 31, 2010) (*citing Carroll v. Johnson*, 685 S.E.2d 647, 652 (Va. 2009)).

## II. Grimm's Grounds for Federal Habeas Relief

Grimm contends that he is entitled to federal habeas relief upon the following grounds:

| | |
|---|---|
| Claim A | (1) "The petitioner is being unlawfully detained by a statute that is facially void as it provides no standards to guide and control their delegated authority." (§ 2254 Pet. 15.)[1]<br>(2) "It is also a violation of the separation of powers clause by delegating authority to the Governor to supervise and direct the Board's delegated authority." (*Id.* at 15–16.) |
| Claim B | "The petitioner is being unlawfully detained by a statute that is in part void-for-vagueness that the respondent cites empowers them to have total and unfettered discretion to lengthen the petitioner's incarceration time when he is otherwise eligible for release by law." (*Id.* at 15.) |
| Claim C | "The petitioner is being unlawfully detained by a statute that is in part void for void-for-vagueness as it [is] facially void with no standards to guide the Board's delegated authority." (*Id.*) |
| Claim D | "The petitioner is being unlawfully detained by a statute that fails the due process test as irreconcilable to the Virginia Parole Act and works in conflict with another operating statute to direct the Board to release the petitioner." (*Id.*) |

## III. Analysis

### A. Jurisdiction

Grimm is entitled to federal habeas relief only if he can demonstrate that his continued detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C.

---

[1] The Court employs the page numbers assigned to Grimm's submissions by the Court's CM/ECF docketing system. The Court has corrected the capitalization in the quotations to Grimm's submissions.

2

§ 2254(a). There is some doubt whether Grimm may bring his present challenges to Virginia's parole scheme in habeas rather than in a civil rights action under 42 U.S.C. § 1983. The Supreme Court has held that challenges to parole eligibility proceedings which seek new parole procedures, but which would not necessarily result in speedier release, do not "lie[] at 'the core of habeas corpus'" and instead are cognizable under 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). As the Supreme Court recently explained, "[h]abeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (*quoting Wilkinson*, 544 U.S. at 82).

The Supreme Court, however, has not decided whether § 1983 is the exclusive remedy for prisoners, like Grimm, who seek immediate release even though the challenges they raise plainly do not make that remedy available. *See Townes v. Jarvis*, 577 F.3d 543, 549–50 n.4 (4th Cir. 2009); *Terrell v. United States*, 564 F.3d 442, 446 (6th Cir. 2009) (noting the circuit courts "appear to be in conflict" on "whether habeas and § 1983 (or the equivalent for a federal prisoner) are mutually exclusive actions"). The Court need not resolve this contentious issue because Grimm's constitutional challenges fail under either habeas or § 1983. *See Neal v. Fahey*, No. 3:07cv374, 2008 WL 728892, at *1 (E.D. Va. Mar. 18, 2008); *see also Townes*, 577 F.3d at 549–50 n.4; *Doxie v. Clarke*, No. 2:10CV379, 2011 WL 1930666, at *3 (E.D. Va. Apr. 22, 2011) (allowing similar claims to proceed in habeas).

### B. Separation of Powers

Prior to addressing the remainder of Grimm's claims, it is appropriate to dispense with his assertion that Virginia's parole scheme violates separation of powers principles. The

separation of powers doctrine is embodied in the federal Constitution and is not binding on a state. *See Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980) (citing cases); *Gozy v. Newland*, 52 F. App'x 920, 921 (9th Cir. 2002). The question of whether Virginia's parole scheme violates the doctrine of separation of powers found in the Virginia Constitution does not provide a basis for federal habeas corpus relief. *Gozy*, 52 F. App'x at 921 (*citing Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985)); *Bowling v. Johnson*, No. 7:09-cv-00085, 2009 WL 1437845, at *4 (W.D. Va. May 21, 2009). Accordingly, Claim A(2) will be DISMISSED.

### C. Pertinent Virginia Parole Statutes

The two statutes at the heart of Grimm's claims for habeas relief are sections 53.1-136 and 53.1-155 of the Virginia Code. Those statutes provide in pertinent part:

> In addition to the other powers and duties imposed upon the Board by this article, the Board shall:
> 1. Adopt, subject to approval by the Governor, general rules governing the granting of parole and eligibility requirements, which shall be published and posted for public review;
> 2. (a) Release on parole for such time and upon such terms and conditions as the Board shall prescribe, persons convicted of felonies and confined under the laws of the Commonwealth in any correctional facility in Virginia when those persons become eligible *and are found suitable for parole, according to those rules adopted pursuant to subdivision 1*;

Va. Code Ann. § 53.1-136 (West 2011) (emphasis added).

> No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole *will not be incompatible with the interests of society or of the prisoner*.

Va. Code Ann. § 53.1-155(A) (West 2011) (emphasis added). Grimm contends, *inter alia*, that the italicized portions of these statutes are unconstitutionally vague. Grimm asserts that the

4

Court should strike these portions of the statutes, thus resulting in his absolute right to be released on parole because he is eligible for parole. As explained below, such arguments are entirely frivolous.

### D. Void for Vagueness

"'It is a basic principle of due process that an enactment is void for vagueness if its *prohibitions* are not clearly defined.'" *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289–90 (1982) (*quoting Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). "Consistent with that approach, the [Supreme] Court has steadfastly applied the void-for-vagueness doctrine only to statutes or regulations that purport to define the lawfulness of conduct or speech." *Nyeholt v. Sec'y Veterans Affairs*, 298 F.3d 1350, 1356 (Fed. Cir. 2002) (citing cases). Therefore, "a void-for-vagueness challenge must be directed to a statute or regulation that purports to define the lawfulness or unlawfulness of speech or conduct." *Id.* at 1357; *see Woodruff v. U.S. Dep't of Labor, Office of Workers Comp. Program*, 954 F.2d 634, 642 (11th Cir. 1992)) (concluding that regulation which does not seek to regulate the conduct of individuals is not subject to void for vagueness challenge). The parole statutes challenged by Grimm do not attempt to define the lawfulness of conduct or speech. Rather, these statutes merely prescribe the general process and criteria for granting parole in Virginia. Therefore, Grimm cannot raise a void-for-vagueness challenge to these statutes. *See Vann v. Angelone*, 73 F.3d 519, 523 (4th Cir. 1996) ("The Constitution simply does not speak to the generality or specificity of the standards for parole eligibility adopted by a state." (*citing Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7–8 (1979))); *Glauner v. Miller*, 184 F.3d 1053, 1055 (9th Cir. 1999) (indicating void-for-vagueness challenge did not apply to parole statute which was not "intended to police a citizen's

5

behavior" (*citing Kolender v. Lawson*, 461 U.S. 352, 357 (1983))); *Horsman v. Williams*, No. 2:04cv818-MHT, 2006 WL 3350473, at *11 (M.D. Ala. Nov. 16, 2006). *But see Hess v. Bd. of Parole & Post-Prison Supervision*, 514 F.3d 909, 913–15 (9th Cir. 2008) (applying void-for-vagueness challenge to Oregon's parole laws).[2] Accordingly, Grimm's void-for-vagueness challenges in Claims A(1), B, and C lack merit and will be DISMISSED.

### E. Grimm's Argument that He Is Entitled to Release on Parole Because He Is Eligible for Parole

In Claim D, Grimm contends that the "legislative intent of the Virginia Parole Act is to release those prisoners [who are eligible for parole] when they meet their eligibility requirements." (§ 2254 Pet. 24.) Grimm contends that 53.1-155(A) of the Virginia Code, which directs the Board not to grant parole to otherwise parole eligible individuals violates "legislative intent and fails under the irreconcilable-conflict doctrine of due process." (*Id.*) Contrary to Grimm's reading, "the pertinent [Virginia] statutes, far from creating a presumption that release will be granted ... absolutely prohibits parole unless the Parole Board decides otherwise."

---

[2] Even if the Court were to assume that Grimm could mount a void-for-vagueness challenge to Virginia's parole laws, the statutes pass constitutional muster. The Supreme Court has emphasized that if a state chooses to create a parole system, "the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." *Greenholtz*, 442 U.S. at 8. Given the broad discretion entrusted to the states in the area of parole, language similar to that employed by Virginia has withstood constitutional challenges. *See Glauner*, 184 F.3d at 1055 (emphasizing broad discretion traditionally entrusted to parole boards and rejecting void-for-vagueness challenge to provision which prohibited parole eligibility to inmates convicted of enumerated sexual offenses absent a certification that the inmate is not a "menace to the health, safety or morals of others") (internal quotation marks omitted); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999) (rejecting void-for-vagueness challenge to statute which provided inmate shall not be released on parole until the parole board has reasonable assurance the prisoner will not become a menace to society or to the public safety); *see also Barber v Clarke*, No. 2:10cv482, 2011 WL 1479881, at *1 (E.D. Va. Apr. 15, 2011); *Jackson v. Clarke*, No. 2:10cv569, 2011 WL 1675386, at *4 (E.D. Va. Mar. 29, 2011) (rejecting void-for-vagueness challenge to section 53.1-136(2) of the Virginia Code).

*Burnette v. Fahey*, No. 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010) (alteration and omissions in original) (*quoting James v. Robinson*, 863 F. Supp. 275, 277 (E.D. Va.), *aff'd*, No. 94-7136, 1994 WL 709646 (4th Cir. Dec. 22, 1994)). "The statute does not contemplate a mandatory scheme, but instead allows for the Board to consider the 'suitability' of the prisoner up for review. There is no requirement that all prisoners eligible for parole must be found suitable." *Jackson*, 2011 WL 1675386, at *3 (rejecting similar claim). Grimm fails to demonstrate that the Board has violated his constitutional rights by refusing to release him on parole because of the serious nature and circumstances of his offense. *See Burnette*, 2010 WL 4279403, at *8 ("The Fourth Circuit repeatedly has concluded that serious[] nature and circumstances of prisoner's offense is a constitutionally valid reason for denying parole." (internal quotation marks omitted) (*citing Brown v. Johnson*, 169 F. App'x 155, 157 (4th Cir. 2006); *Davis v. Jackson*, No. 94-6121, 1995 WL 761034, at *1 (4th Cir. Dec. 27, 1995))). Accordingly, Claim D will be DISMISSED.

### F.     Grimm's Motion to Amend

On June 13, 2011, Grimm moved to amend his action to bring a Claim E. In Claim E, Grimm notes that in May of 2011, the Board once again denied him release on parole. Grimm notes that the current Chairman of the Board is a former member of the Virginia Attorney General's Office. Grimm contends that the most recent denial of parole was done in retaliation for Grimm filing his present petition for a writ of habeas corpus. The Court may deny permission to amend a habeas petition where the amendment would be futile. *See Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 836826, at *6 (E.D. Va. Mar. 4, 2011) (*citing United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000)). That is the case here.

This Court may summarily dismiss "legally frivolous claims" or claims whose factual allegations "are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). In order to plead a claim of retaliation, a litigant must allege specific facts to establish: "(1) the existence of a specific constitutional right; (2) the defendant's intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation." *Lamp v. Wallace*, No. 3:04CV317, 2005 WL 5303512, at *4 (E.D. Va. Mar. 23, 2005) (*citing Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004)). The test for causation requires an inmate to allege facts that plausibly suggest that, "*but for* the exercise of the protected right, the alleged retaliatory act would not have occurred." *Id.* (*citing Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996)). Here, given the fact that the Board has denied Grimm parole on twenty occasions prior to 2011, it is palpably incredible to suggest that, but for the filing the present § 2254 Petition, the Board would have voted to release Grimm on parole. *See id.* at *4 (dismissing retaliation claims).[3] Accordingly, Grimm's Motion to Amend (Docket No. 21) will be DENIED.

---

[3] Moreover, Grimm's claim of retaliation also fails because he does not have a constitutional right to parole or to filing the frivolous legal claims that constitute his present § 2254 Petition. *See Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996) (emphasizing that inmates do not enjoy a constitutional right to file frivolous claims).

8

## IV. Outstanding Motions and Conclusion

Respondent's Motion to Dismiss (Docket No. 10) will be GRANTED. Grimm's Motions for a Plenary Hearing (Docket No. 17) and for the Appointment of Counsel (Docket No. 19) will be DENIED. Grimm has filed a Motion to Strike various portions of Respondent's Motion to Dismiss, a Motion to Replace Respondent's Counsel, and Motion to Take Judicial Notice. These motions are not accompanied by a "brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1). Accordingly, the motions (Docket Nos. 14, 18, 20) will be DENIED. The § 2254 Petition will be DENIED and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Grimm is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 8-2-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge