IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARVIN LEON GRIMM, JR.,

    Petitioner,

v.                                              Civil Action No. **3:10CV593**

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Marvin Leon Grimm, a Virginia prisoner, filed this action, which he denominated as a 28 U.S.C. § 2254 petition. By Memorandum Opinion and Order entered on August 2, 2011, the Court dismissed the present action. *See Grimm v. Johnson*, No. 3:10CV593, 2011 WL 3321474, at *4 (E.D. Va. Aug. 2, 2011). Prior to dismissing the action, the Court observed:

> Grimm is entitled to federal habeas relief only if he can demonstrate that his continued detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). There is some doubt whether Grimm may bring his present challenges to Virginia's parole scheme in habeas rather than in a civil rights action under 42 U.S.C. § 1983....
> The Supreme Court, however, has not decided whether § 1983 is the exclusive remedy for prisoners, like Grimm, who seek immediate release even though the challenges they raise plainly do not make that remedy available. *See Townes v. Jarvis*, 577 F.3d 543, 549–50 n.4 (4th Cir. 2009); *Terrell v. United States*, 564 F.3d 442, 446 (6th Cir. 2009) (noting the circuit courts "appear to be in conflict" on "whether habeas and § 1983 (or the equivalent for a federal prisoner) are mutually exclusive actions"). The Court need not resolve this contentious issue because Grimm's constitutional challenges fail under either habeas or § 1983.

*Id.* at *1–2 (alteration in original) (citations omitted). On May 28, 2013, the Court received a motion from Grimm seeking relief under Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b) Motion").

Rule 60(b)(4) permits a court to vacate a judgment, when "the judgment is void." Fed. R. Civ. P. 60(b)(4). Courts should treat a judgment as void "'[o]nly when the jurisdictional error is egregious.'" *Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) (some internal quotation marks omitted) (quoting *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000)). This occurs "'only when there is a total want of jurisdiction and no arguable basis on which [the court] could have rested a finding that it had jurisdiction.'" *Id.* (some internal quotation marks omitted) (quoting *Nemaizer v. Baker*, 793 F.3d 58, 65 (2d Cir. 1986)). "In practice, a 'federal court judgment is almost never void because of lack of federal subject matter jurisdiction.'" *Hawkins v. Borsey*, 319 F. App'x 195, 196 (4th Cir. 2008) (quoting *Wendt*, 431 F.3d at 413). Grimm fails to demonstrate that the Court lacked subject matter jurisdiction over his action where he brought constitutional challenges to his confinement. Accordingly, Grimm's Rule 60(b) Motion (ECF No. 37) will be DENIED. A certificate of appealability will be DENIED.[1]

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

Date: 9-3-13

Richmond, Virginia

/s/
James R. Spencer
United States District Judge

---

[1] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Grimm is entitled to further consideration in this matter.